(No. 3629—

JOHN J. KICKELS, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 12, 1942.*

*Supplemental opinion filed September 9, 1942.*

SHAPIRO & LAURIDSEN, for claimant.

GEORGE F. BARRETT, Attorney General; GLENN A. TREVOR, Assistant Attorney General, for respondent.

ECKERT, J.

The complaint in this case alleges that prior to August 28, 1939, claimant, John J. Kickels, on many different occasions visited his father and mother who resided at the Manteno State Hospital, a public institution owned and operated by the State of Illinois, his father being the head farmer at that institution; that while visiting his parents, claimant drank water supplied and furnished for drinking purposes by the Manteno State Hospital; that the water was contaminated and impure and contained many disease germs and typhoid bacilli; that as a result of drinking this water, claim-

ant became ill with typhoid fever on August 28, 1939, was unable to work for a long period of time, and incurred doctor, hospital, and nursing bills in the amount of $450.00; that as a result of the illness, claimant suffered a permanent impairment of his health. In addition to the claim for medical services and supplies, claimant seeks damages in the amount of $5,000.00. The respondent has filed a motion to dismiss.

The claimant was not an employee of the State, so that he does not come within the provisions of the Workmen's Compensation Act. The complaint contains no allegation of any contractual relationship between claimant and the respondent, contains no allegation of any applicable statutory or constitutional provision, and contains no allegation of any legal or equitable duty or obligation. It contains no allegation of any breach of duty, and it is insufficient to state a cause of action in tort.

Furthermore, the State, in the maintenance of the Manteno State Hospital is engaged in a governmental function, and when so engaged, it is not liable for the negligence of its officers, servants, or agents. The doctrine of *respondeat superior* does not apply. *Hardware Mutual Casualty Company* vs. *State of Illinois,* 11 C. C. R. 300.

Awards can be made by this court only in those cases where claimants would be entitled to redress against the State either at law or in equity, if the State were suable. Unless claimant can bring himself within the provisions of a law giving him the right to an award, he can not invoke the principles of equity and good conscience. *Crabtree* vs. *State,* 7 C. C. R. 207; *Garbutt* vs. *State,* 10 C. C. R. 37.

Respondent's motion to dismiss is therefore sustained, and the claimant given thirty days in which to amend his complaint; in the event he declines or fails so to amend, this order dismissing the claim shall become final.

PER CURIAM:

The prior order of this court dismissing this claim became final on June 12, 1942. On July 11, 1942, claimant filed herein his motion for leave to amend his original complaint by adding the following paragraph after paragraph 1 of said original complaint:

1a. That it then and there became the duty of the State of Illinois to furnish to claimant drinking water free from contamination of any kind, and

that respondent, in breach of said duty and obligation, failed to furnish such drinking water free from contamination of any kind.

The motion not having been filed in apt time must be denied. Furthermore, the proposed amendment is an allegation of negligence. As we have already stated, the State in the maintenance of the Manteno State Hospital is engaged in a governmental function, and when so engaged, it is not liable for the negligence of its officers, servants, or agents. The doctrine of *respondeat superior* does not apply. *Hardware Mutual Casualty Company* vs. *State of Illinois*, 11 C. C. R. 300.

Claimant, however, cites in support of his motion *Permanent Construction Company* vs. *Industrial Commission*, (Lorraine M. Brown, et al.) and *Permanent Construction Company* vs. *Industrial Commission*, (Edward A. St. Peter), Docket Nos. 26329-30—Agenda 41—March, 1942, recently decided by the Supreme Court of Illinois. The only question involved in those cases was whether or not typhoid fever, contracted by certain employees of the Permanent Construction Company, doing construction work at the Manteno State Hospital, arose out of the employment within the meaning of the Workmen's Compensation Act. There is nothing in the record in this case to indicate that the claimant is within the provisions of that Act.

Claimant's motion for leave to amend is therefore denied.